## ROBERT ABBOTT *versus* JOSEPH CAMPAU

October 31, 1825

266

Alexander D. Fraser, attorney for plaintiff.
Charles Larned, attorney for defendant.

## [OPINION]

Abbot vs Campau— from Justice Rowland—

The present action was brot under the 6th section of the act regulating Fences.—

The Pltff alledges that he and M[r] Campau, own and occupy farms on River Rouge adjoining on One side— That the partition fence between them, became bad having fallen into decay— That he repaired and built his proportion thereof, But Campau refused to repair and make his portion— That under the authority of the act, he repaired and built Campaus part,— The expenses of building such part, were appraised and Liquidated as pointed out by the statute— That Campau

neglected to pay s<sup>d</sup> Expenses— whereupon this action was brought— The Def<sup>t</sup> Contended on the trial that the fence, was not built on the line but on his own Land, and therefore he was not liable for the pay<sup>t</sup> and 2<sup>dly</sup> that he did not occupy the Land at the time the fence was built by Abbot—

The Pltff in his affidavit states that he proved before the Justice, that the fence was built on the partition line as fixed by Aron Greely survey and that Campau did occupy the Land adjoining by a Tenant, and further that the fence was erected on the site of the old partition fence, which had been established many years before and always recognized as the partition fence— The def<sup>t</sup> produced in evidence a survey made by M<sup>r</sup> Mullet, by which it appeared that the fence was on M<sup>r</sup> Campaus Land, and not on the partition line— all other facts necessary to be proven to support the action were admitted on the trial—

The Magistrate Considering that the title to Land was brought into dispute between the parties, and that he was arrested of Jurisdiction gave a Judg<sup>t</sup> ag<sup>t</sup> the Pltff that he should recover nothing, by his suit, and also gave judgment ag<sup>t</sup> him for Costs—

The question for this Court to decide is, had the magistrate jurisdiction of the matters in Litigation before him under the pleadings?

The Statute inacts, "That the respective occupants of Lands enclosed with fences, shall keep up and maintain partition fences between their own and the next enclosure in equal proportions so long as both parties continue to occupy the same" &<sup>c</sup> The provision of the 6th section has reference to the possessor or occupier of the land— And whether his occupancy is rightful or tortious, he still is within both the letter and spirit of the Law— and the rightful owner of the Land occupied, if within the Country would be liable to the expenses of keeping up the partition fence, so long as he authorised or suffered his land to be so occupied—

This section is predicated on the occupancy, and has no reference to title further than to attach the expenses to the Legal proprietor—

The questions to be tried are, whether the lands adjoining are occupied, and secondly whether the fence repaired or rebuilt is a partition fence recognized, between the Occupants of the Land on the Two sides— Whether the fence stands exactly on the division line of the farms, is not a fact any way necessary to be proved to maintain the action— The question of liability of Campeau to repair the fence, did not rest on the fact of the fence being placed on the actual line of the division of the Two farms— Therefore the question of title to real property was not legally or necessarily brought into question— Had M<sup>r</sup> C. plead a plea disclaiming property or right in the adjoining Land, then the question of Title would have been involved and the Magistrate might have lost jurisdiction— But as the pleadings are closed, the jurisdiction of the magistrate was not affected— It does not appear by whose authority M<sup>r</sup> Mullet, made his survey— Nor perhaps is it necessary as I do not think that survey material to the present question— It is stated in the affidavit that Aaron Greely ran out and established the line between the farms, and that the fence in controversy stands on that line— As the Patents of the President were made on that survey under which the proprietors claim title to the Land, It would seem that it must stand as conclusive, on the parties— And that any subsequent survey must be made in conformity thereto, to give it validity—

Under the view I have taken of the Law and facts of the Case, I am of opinion that the magistrate erred in giving his judgment, and that it must be reversed—